UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

FEDNER CHARLES ASEMY, JEAN D. CHRISTIAN, CHRISTOPHER DIAZ, FUMILAYO C. FADIPE, DIEUVERSON FANFAN, JERMAINE FINLEY, TIMOTHY GREEN, BERGELIN JEAN LOUIS, JUANY JEAN LOUIS, FRED JOSEPH, LESLEY JOSEPH, VILNES JUSMA, ANTOINE LEONARD, JEAN G. LOUIS, JOHN DARREL LEEKING MADOO, JULES MAKENLY OSCAR, FRANCISCO MORALES, CARLOS NEIRA, OMAR PHILLIPS, MARC H. PIERRE, ROBERSON PIERRE, DUPERVAL RENE, TVAUGHN RIGBY, EVENS SAEL, JOVANNY F. SANQUINTIN CHECO, YVENER SIDO, JONATHAN SILVA JR., JUNIOR SPENCER, RODRIGUE SYLVESTRE, OSCAR LANDEIRO, HERNAN ARGUELLO, AND PABLO SALGUEIRO

others similarly- situated,

  Plaintiffs,

v.

SWISSPORT SA, LLC f/k/a SERVISAIR LLC,
a Delaware limited liability company,

  Defendants.
_____/

## **COMPLAINT**

  COMES NOW, Plaintiff, FEDNER CHARLES ASEMY, JEAN D. CHRISTIAN, CHRISTOPHER DIAZ, FUMILAYO C.FADIPE, DIEUVERSON FANFAN, JERMAINE FINLEY, TIMOTHY GREEN, BERGELIN JEAN LOUIS, JUANY JEAN LOUIS, FRED

JOSEPH, LESLEY JOSEPH, VILNES JUSMA, ANTOINE LEONARD, JEAN G. LOUIS, JOHN DARREL LEEKING MADOO, JULES MAKENLY OSCAR, FRANCISCO MORALES, CARLOS NEIRA, OMAR PHILLIPS, MARC H. PIERRE, ROBERSON PIERRE, DUPERVAL RENE, TVAUGHN RIGBY, EVENS SAEL, JOVANNY F. SANQUINTIN CHECO, YVENER SIDO, JONATHAN SILVA, JR., JUNIOR SPENCER, AND RODRIGUE SYLVESTRE, OSCAR LANDEIRO, HERNAN ARGUELLO, AND PABLO SALGUEIRO ("Plaintiffs") individually and on behalf of themselves and those similarly situated, hereby sue Defendant, SWISSPORT SA, LLC f/k/a SERVISAIR LLC (referred to as "the Employer" or "Defendant"), and alleges:

## JURISDICTION AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. Plaintiffs are residents of the State of Florida who worked at Defendants' Miami location – Miami International Airport.

3. The Defendant SWISSPORT SA, LLC f/k/a SERVISAIR LLC is a Delaware limited liability company with its principal place of business in Miami-Dade County. Upon information and belief, the Defendant was the FLSA employer for the Plaintiffs and those similarly-situated.

4. This action is brought by Plaintiffs to recover from the Employer unpaid overtime as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiffs and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

6. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiffs were within interstate commerce.

7. Plaintiffs have complied with all conditions precedent to the bringing of this action or same have been waived or excused.

8. Plaintiffs have retained the undersigned to represent them individually and incurred attorneys' fees and costs in bringing this action.

**GENERAL ALLEGATIONS**

9. Plaintiffs worked for Defendant at Miami International Airport, located in Miami-Dade County, Florida, as non-exempt hourly aircraft refueler.

10. At all material times hereto, Defendants employed Plaintiffs and similarly situated employees within the meaning of the FLSA. Defendants have substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

11. Plaintiffs' duties included re-fueling the aircrafts on site at Miami International Airport.

12. The Employer routinely deducted thirty (30) minutes for lunch; however, Plaintiffs rarely, if ever takes a lunch break.

13. Plaintiffs routinely work over forty hours per workweek on behalf of Defendant, but were consistently not compensated for all the hours they worked in excess of forty (40) per week

14. While Defendants paid Plaintiffs and the similarly situated employees for *some* of their overtime hours worked, they failed to pay Plaintiffs and others similarly situated for *all* overtime hours worked, based upon the failure to credit Plaintiffs and other similarly situated employees for all of their hours worked at the beginning of their shifts, at the end of their shifts, and during their meal breaks (collectively, this uncompensated overtime work performed by Plaintiffs will be referenced as "Off-The-Clock Overtime.").

15. Plaintiffs seek to recover the wages for three years preceding the date they filed their respective opt-in notice in the Aguilar case to the present[1] or three years preceding this complaint if they did not file an opt-in notice

## COLLECTIVE ACTION ALLEGATIONS

---

[1] *Mickell Aguilar v. Swissport SA, LLC, et. al.* – Case No.: 15-22357-CV-MARTINEZ/GOODMAN in the District Court, Southern District of Florida. All the Plaintiffs opted in to the Aguilar case. The Plaintiffs and Defendants stipulated that their claims would be tolled from the day they filed their opt-in notice until thirty (30) days after the Opt-in Dismissal. The Aguilar Court approved the stipulation and dismissed the Plaintiffs complaint on March 9, 2016.

16. Plaintiffs brings this lawsuit against the Employer as a collective action on behalf of themselves and all others persons similarly situated – all refulers of the Employer that worked at the Miami International location – who suffered damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), on or after April 8, 2013 ("FLSA Collective Plaintiffs").

17. Plaintiff, and those similarly situated are aircraft re-fuelers.

18. At all times material hereto, the work performed by the Plaintiffs, and those similarly situated, was directly essential to the business performed by the Employer.

19. Plaintiffs and all similarly situated routinely worked more than forty hours per week and were not properly paid for all overtime.

20. Defendant routinely deducted thirty (30) minutes for lunch from Plaintiffs and all similarly situated; however, rarely, if ever did the similarly situated employees take a lunch break.

21. Plaintiff and the class members performed the same or similar job duties as one another in that they worked as refulers for Defendant within the past three (3) years in Miami-Dade County. Plaintiff and the class members were subjected to the same pay provisions in that they suffered or were permitted to work overtime, had lunch time wrongfully deducted, but were not paid for all hours worked. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

22. The Employer's failure to compensate employees for all wages as required by the FLSA results from a policy or practice of intentionally failing to pay all overtime wages and deducting lunch even when they did not take same. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the

personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of every overtime hour worked over forty hours to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as: all fulers who worked for The Employer during anytime within the previous three (3) years of this complaint and who were not paid for every hour of overtime worked.

23. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper off the clock wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.

24. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay all the overtime with respect to Plaintiffs and the class members.

25. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

26. The similarly-situated current and former employees are all those other employees who worked for Defendant and performed the same or similar duties as that of Plaintiffs. Plaintiffs believes there are other similarly situated individuals who would, if offered the chance, would join this lawsuit against Defendant.

## COUNT I
## UNPAID OVERTIME

27. Plaintiffs re-alleges and re-avers paragraphs 1 through 26 as fully set forth herein.

28. Plaintiffs worked in excess of forty (40) hours per week but were not paid overtime for all hours worked in excess of forty (40) hours per week, as required by the Fair Labor Standards Act. Plaintiffs were paid for some, but not all overtime hours. The failure to pay these overtime hours resulted in an overtime violation.

29. At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision were made by the Employer to properly pay them the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

30. The Employer intentionally failed to pay Plaintiffs their overtime wages as the Employer had knowledge of Plaintiffs' schedule and the overtime hours that Plaintiffs worked and showed reckless disregard by failing to comply with the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act.

31. The Employer remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with the Employer as set forth above, and Plaintiffs are entitled to recover double damages.

32. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiffs and those similarly-situated requests compensatory and liquidated damages and reasonable attorney's fees and costs against Defendant pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs and those similarly-situated employees entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court

costs. In the event that Plaintiffs and those similarly-situated do not recover liquidated damages, then Plaintiffs and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances

## **JURY DEMAND**

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury

Respectfully Submitted,

**LAW OFFICES OF CHRISTOPHER F. ZACARIAS, P.A.**
*Counsel for Plaintiffs*
5757 Blue Lagoon Dr, Suite 230
Miami, Florida 33126
Telephone: 305-403-2000
Facsimile: 305-459-3964
E-Mail: czacarias@zacariaslaw.com

*/s/ Christopher F. Zacarias*
CHRISTOPHER F. ZACARIAS
Florida Bar No.: 85609